UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANAE L. BUTLER, | Docket No.: |
| *Plaintiff,* | |
| -against- | |
| COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, Police Officers and/or Detectives JOHN & JANE DOES 1-10, in their individual and collective capacities, TIMOTHY BUTLER, & BRIAN BUTLER, | **COMPLAINT** |
| | ***Jury Trial is Demanded*** |
| *Defendants.* | |

C O U N S E L:

Plaintiff, DANAE L. BUTLER, by her attorneys, the Law Offices of Jennifer G. Tocci,

P.C., provide the following Complaint and state and allege as follows:

## PRELIMINARY STATEMENT

1.     This is a civil action seeking monetary relief, a declaratory judgment, compensatory

and punitive damages, disbursements, costs and fees against Defendants, COUNTY

OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, Police Officers

and/or Detectives JOHN & JANE DOES 1-10, in their official and independent

capacities, TIMOTHY BUTLER, and BRIAN BUTLER, for committing acts under

color of law and depriving Plaintiff of rights secured by the Constitution and laws of

the United States and the State of New York for violations of Plaintiff's rights,

brought pursuant to federal statute 42 *U.S.C.* §§ 1983 and 1985, and State causes of

action for negligence, gross negligence, conspiracy, assault, battery, sexual assault,

rape, sodomy, strangulation, false imprisonment, intentional infliction of emotional

distress, and *prima facie* tort violations.

2.      Specifically, Plaintiff alleges that Defendants (collectively and individually)
negligently, wantonly, recklessly, intentionally, and knowingly sought to and did
wrongfully deprive her of her Constitutional rights, pursuant to the above-mentioned
statutes and causes of action, by committing acts under color of law and depriving the
Plaintiff of rights secured by the Constitution and laws of the State of New York.

3.   ·   Plaintiff alleges that Defendants (collectively and individually), their agents,
employees and servants created, harbored, supported, condoned, and facilitated a
dangerous and potentially life-threatening circumstance for Plaintiff, DANAE L.
BUTLER, actually and ultimately led to Plaintiff, DANAE L. BUTLER'S harm,
injury, continued harassment by Defendant TIMOTHY BUTLER, pain and suffering,
and emotional injury.

4.      Plaintiff alleges that Defendants, COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, Police Officers and/or Detectives JOHN & JANE DOES
1-10, in their official and independent capacities, (herein, "Municipal Defendants),
with knowledge of the dangerous situation faced by Plaintiff, allowed Defendant
TIMOTHY BUTLER to continue to stalk, menace, torture, harass, intimidate, injure,
falsely imprison, surreptitiously record Plaintiff intimately, physically and verbally
threaten, sexually assault, rape and sodomize, strangle, choke, beat, attack, punch,
bite, shove, causing Plaintiff to lose consciousness, deprive the right to property,
deprive the right to liberty, and endanger the life and wellbeing of the Plaintiff.

5.      Defendant TIMOTHY BUTLER did in fact subject Plaintiff DANAE L. BUTLER to
the above-descried abuses and recklessly, indifferently, negligently, and/or
intentionally raped, sodomized, strangled, suffocated, caused to lose consciousness,

2

physically assaulted, and attacked Plaintiff, causing severe physical and emotional injuries.

6.      Municipal Defendants were negligent, grossly negligent, reckless, indifferent, and/or intentionally and recklessly breached their duties of care and the legal obligation with respect to their interactions with and treatment of Plaintiff, as described herein, which directly caused Plaintiff's injuries.

7.      Plaintiff further alleges that Municipal Defendants (collectively and individually) were negligent in training, hiring, supervising, and investigating its police officers, employees, representatives and or agents (including Police Officers and/or Detectives JOHN & JANE DOES 1-10). Additionally, Defendants are liable to the Plaintiff for conspiring to condone and encourage such civil rights violations by failing to properly investigate, maliciously failing to investigate, control, or attempt to control the actions of Defendant TIMOTHY BUTLER, prior to him raping, sodomizing, strangling, physically assaulting and torturing the Plaintiff.

8.      As a direct result of the Municipal Defendants' actions and/or inactions, Plaintiff was raped, sodomized, strangled, caused to lose consciousness, tortured, stalked, menaced, harassed, injured, threatened, falsely imprisoned, and physically assaulted by Defendant TIMOTHY BUTLER, and are liable for causing expenses, and special damages due to the Defendants' actions and/or inactions, including but not limiting to substantial legal fees, medical bills, future medical bills, lost income, future lost earning capacity, loss of employment, loss of employment potential, loss of liberty, and other additional costs/expenses.

9.      Plaintiff alleges Municipal Defendants, willingly, recklessly, indifferently, and knowingly acted with Defendant TIMOTHY BUTLER and Defendant BRIAN BUTLER (collectively, "BUTLER Defendants") to deprive Plaintiff of her various Constitutional rights, conspired and/or with callous disregard for the consequences of their actions and omissions, and otherwise acted under the color of law to deprive Plaintiff of her rights and privileges in violating 42 *U.S.C.* § 1983. In addition, Defendants were negligent, grossly negligent, and/or breach to their duties of care with respect to the interactions with Plaintiff, prior to, and including the date of the rape, sodomization, strangulation, and physical assault of Plaintiff, as described herein.

10.     On or about February 7, 2023, Plaintiff timely and properly served a Notice of Claim on Defendant COUNTY OF SUFFOLK in accordance with the General Municipal Law § 50-e. Thereafter, on or about July 26, 2023, COUNTY OF SUFFOLK conducted a hearing and/or held an examination of Plaintiff DANAE L. BUTLER pursuant to General Municipal Law § 50-h.

## JURISDICTION

11.     This Court has jurisdiction over the action, as it has subject matter jurisdiction, federal questions, supplemental jurisdiction pursuant to 28 *U.S.C.* §§ 1331, 1332, 1343, 1360, 1367, 1369, and 42 *U.S.C.* §§ 1983 and 1985. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the laws of the United States and the State of New York, providing for injunctive relief, attorneys fees, and punitive damages for violation of civil rights.

## PARTIES

12.   At all relevant times, Plaintiff, DANAE L. BUTLER, was and is a resident of the County of Suffolk, State of New York.

13.   Upon information and belief, Defendant, COUNTY OF SUFFOLK, is a duly constituted municipal corporation of the State of New York. Upon further information and belief, the COUNTY OF SUFFOLK formed and has direct authority over several different departments including the SUFFOLK COUNTY POLICE DEPARTMENT and the Suffolk County Courts. The aforementioned departments and/or the employees, agents, or representatives of said departments are directly involved in violations that are at issue in this Complaint.

14.   Upon information and belief, Police Officers and/or Detectives JOHN & JANE DOES 1-10 are police officers, detectives, agents, and/or are otherwise employed by the COUNTY OF SUFFOLK under the direction of the SUFFOLK COUNTY POLICE DEPARTMENT and were acting in furtherance of the scope of their employments and acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York, and County of Suffolk. Police Officers and/or Detectives JOHN & JANE DOES 1-10 are being sued herein in their official and individual capacities. Prior to the filing of this Complaint, Plaintiff made reasonable requests to Defendants seeking the identity of Police Officers and/or Detectives JOHN & JANE DOES 1-10, but Plaintiff's requests were rebuffed.

15.   At the time of the events complained about herein, Defendant TIMOTHY BUTLER, was the lawful husband of Plaintiff, DANAE L. BUTLER. Prior to the events complained about herein, Defendant TIMOTHY BUTLER was and is a known felon,

with a history of violence, drug abuse, alcohol abuse, and domestic violence. Defendant TIMOTHY BUTLER is currently residing as an inmate at the Suffolk County Correctional Facility. Defenant TIMOTHY BUTLER intentionally, callously, recklessly, and/or with gross negligence, raped, sodomized, strangled, choked, deprived of oxygen, physically assaulted, tormented, and tortured Plaintiff as described herein.

16.    Defendant BRIAN BUTLER was and is a resident of the County of Suffolk, State of New York. Defendant BRIAN BUTLER is the brother of Defendant TIMOTHY BUTLER. Upon strong information and belief, Defendant BRIAN BUTLER is a former and/or retired Suffolk County Police Officer.

## **FACTUAL ALLEGATIONS**

17.    On or about November 13, 2022, Plaintiff DANAE L. BUTLER was raped, sodomized, strangled, beaten, assaulted, battered, and sexually, physically and emotionally abused for hours, deprived of oxygen and caused to lose consciousness, and left bleeding and naked at the hands of Defendant TIMOTHY BUTLER.

18.    Plaintiff's brutal sexual and physical assault and injuries resulting therefrom occurred as a direct result of the Defendants, COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, Police Officers and/or Detectives JOHN & JANE DOES 1-10, and Defendant BRIAN BUTLER'S interference with and failure(s) to provide Plaintiff with necessary police protection and/or to intervene at a time when they were aware that the Plaintiff was in immediately physical danger- both within and outside of the Defendants' presence, including but not limited to timely and proper

police assistance and security, timely and proper administrative action, including investigation.

19. Plaintiff's brutal aggravated sexual and physical assault and injuries resulting therefrom occurred as a direct result of the Defendants, COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, Police Officers and/or Detectives JOHN & JANE DOES 1-10, and BRIAN BUTLER'S affirmative creation and facilitation of a dangerous circumstance wherein Defendant TIMOTHY BUTLER was allowed to threaten, harass, stalk, target, menace, falsely imprison, physically and verbally intimidate, and then to cause the rape, sodomize, strangle, and physically assault Plaintiff shortly after Plaintiff called for police protection, twice.

20. Plaintiff DANAE L. BUTLER and Defendant TIMOTHY BUTLER were married on or about October 3, 2009.

21. Plaintiff and Defendant TIMOTHY BUTLER have two (2) minor children as a result of the marriage.

22. Upon information and belief, prior to the marriage of Plaintiff and Defendant TIMOTHY BUTLER, he had multiple "Driving while Intoxicated" violations, with at least one being a felony, for which he spent time in prison. Upon further information and belief, prior to the marriage of Plaintiff and Defendant TIMOTHY BUTLER, he had a prior history of drug and alcohol abuse.

23. Furthermore, upon information and belief, Defendant TIMOTHY BUTLER has a known propensity for being physically violent towards other people, including law enforcement.

24.  During the courtship of Plaintiff and Defendant TIMOTHY BUTLER and in the beginning of their marriage, Defendant TIMOTHY BUTLER was allegedly sober, actively worked to remain sober, and adhered to the terms of his parole.

25.  Shortly after their marriage Defendant TIMOTHY BUTLER was consuming alcohol and regularly erratic and verbally abusive towards Plaintiff.

26.  Throughout the course of the marriage between the Plaintiff and Defendant TIMOTHY BUTLER, he was physically and verbally abusive, stalked, physically intimidated, pressured and controlled Plaintiff. Upon information and belief, Defendant TIMOTHY BUTLER coerced then-twenty-three (23) year old Plaintiff to have a second child by threatening to get a vasectomy if she did not choose to have another child immediately- thus depriving Plaintiff of the ability to have additional children in the future if she refused to become pregnant at his command. Their second daughter was born on or about 2011.

27.  Throughout the marriage of Plaintiff and Defendant TIMOTHY BUTLER, there were several occasions where he physically attacked and assaulted other people.

28.  On or about 2014, while Defendant TIMOTHY BUTLER was inebriated, he physically threw Plaintiff onto their bed and held her down and beat her. Plaintiff called the SUFFOLK COUNTY POLICE DEPARTMENT, who responded to the scene. Defendant TIMOTHY BUTLER resisted arrest and was aggressive and uncontrollable, resulting in the SUFFOLK COUNTY POLICE DEPARTMENT tasing Defendant TIMOTHY BUTLER.

29. As a result of the aforementioned 2014 assault, Defendant TIMOTHY BUTLER was arrested and criminally charged. An Order of Protection was issued against Defendant TIMOTHY BUTLER on behalf of Plaintiff.

30. Throughout the marriage between Plaintiff and Defendant TIMOTHY BUTLER, his alcohol and drug abuse worsened, and his verbal and physical abuse continued regularly. As a result, Plaintiff filed for divorce on or about July 1, 2022, in the Suffolk County Supreme Court under index number 612486/2022. On or about July 6, 2022, Defendant TIMOTHY BUTLER was served with a copy of the divorce papers. Defendant TIMOTHY BUTLER became irate and took measures to harass and terrorize Plaintiff and their minor children. He further stole and deprived Plaintiff of her cell phone.

31. Further on or about July 6, 2022, Plaintiff's stepfather called the SUFFOLK COUNTY POLICE DEPARTMENT, requesting a wellness check when Plaintiff was not answering her cell phone, which was in the exclusive possession of Defendant TIMOTHY BUTLER. Upon information and belief, SUFFOLK COUNTY POLICE DEPARTMENT went to the home of Plaintiff and Defendant TIMOTHY BUTLER; upon further information and belief, nobody was home at the time the police reported.

32. As alleged in Plaintiff's July 7, 2022, Family Offense Petition, filed *pro se* in the Suffolk County Family Court under File No.: 185042 and Docket No.: O-9062-22, seeking an Order of Protection, on or about July 6, 2022, Defendant TIMOTHY BUTLER was physically blocking her entering her children's bedrooms, and snatched Plaintiff's cell phone from her hand, leaving her with no way to communicate with anyone, including police and emergency services.

33.    Among additional allegations, Plaintiff's July 7, 2022, Family Offense Petition further alleges that in an effort to flee from Defendant TIMOTHY BUTHER, she was reversing her vehicle out of their driveway, both of their children were passengers, Defendant TIMOTHY BUTLER "screamed 'stop, you hit the dog.'" Plaintiff and their children were horrified and panicked, exiting the vehicle quickly to check on the dog, who was safe in the house, nowhere near Plaintiff's vehicle. The statement allegedly made by Defendant TIMOTHY BUTLER was merely for terrorizing his family.

34.    Plaintiff's July 7, 2022, Family Offense Petition further alleges that on June 22, 2022, Defendant TIMOTHY BUTLER, tossed their living room furniture (where Plaintiff slept at night) onto the front lawn while telling Plaintiff to "go die" in the presence of their young children. Plaintiff was forced to sleep in their unfinished basement as a result.

35.    As a result of Plaintiff's July 7, 2022, Family Offense Petition, Temporary Order of Protection was issued on or about July 7, 2022, which was to be in effect through July 7, 2023.

36.    On or about July 9, 2022, while the July 7, 2022, Temporary Order of Protection was in effect, Plaintiff visited the SUFFOLK COUNTY POLICE DEPARTMENT 5th Precinct to seek assistance and report her phone being stollen by Defendant TIMOTHY BUTLER. Plaintiff reported that her phone and her oldest child's phone were taken by Defendant TIMOTHY BUTLER. While at the precinct, Plaintiff disclosed to the SUFFOLK COUNTY POLICE DEPARTMENT that she had an active Temporary Order of Protection against Defendant TIMOTHY BUTLER.

37. Upon information and belief, despite Plaintiff expressing to the SUFFOLK COUNTY POLICE DEPARTMENT that without her cell phone, she had no way of calling the police or for emergency help on Defendant TIMOTHY BUTLER if he violated the Temporary Order of Protection or hurt her. Plaintiff further expressed that she feared Defendant TIMOTHY BUTLER and that he has a history of physical and verbal abuse. Upon information and belief, the Police Officers refused to make an arrest or otherwise investigate the matter. Plaintiff expressed to the police officers that she was afraid to look through Defendant TIMOTHY BUTLER'S belongings. The police officers advised her to call the non-emergency police phone number to have a police escort her while she looked for the phone inside her home.

38. Plaintiff followed the SUFFOLK COUNTY POLICE DEPARTMENT'S directions and called the non-emergency number. Police officers accompanied her while she searched for her phone. While the responding police officer(s) was/were writing their report at Plaintiff's and Defendant TIMOTHY BUTLER'S home, Defendant TIMOTHY BUTLER arrived. Upon information and belief, the Suffolk County police officers witnessed Defendant TIMOTHY BUTLER operate his vehicle into the driveway and stumble out of the vehicle visibly intoxicated. Plaintiff expressed fear for her safety to the police officer(s). No arrests were made on this date.

39. Defendant TIMOTHY BUTLER'S hostile, threatening, intimidating, and lewd behavior, along with drug and/or alcohol abuse, continued to escalate. Plaintiff sought the protection and intervention from the COUNTY OF SUFFOLK with respect to Defendant TIMOTHY BUTLER. Defendants were collectively placed on notice of Defendant TIMOTHY BUTLER'S ongoing abusive behavior against Plaintiff on

numerous occasions prior to and at the time of the relevant incident. At all relevant

times, Defendant COUNTY OF SUFFOLK was fully aware of the identity of

Defendant TIMOTHY BUTLER and his abusive and illegal physical actions against

Plaintiff.

40.   On or about two (2) weeks following Plaintiff's July 7, 2022, Family Offense

Petition, the Suffolk County Family Court denied her *pro se* application for an Order

of Protection on procedural grounds.

41.   Defendant TIMOTHY BUTLER'S abusive, harassing, and criminal behavior

escalated, and Plaintiff hired a matrimonial attorney.

42.   In an Order to Show Cause dated November 2, 2022, filed with the Suffolk County

Supreme Court on November 4, 2022, seeking an Order of Protection against

Defendant TIMOTHY BUTLER, Plaintiff alleged past history of the parties, the

abusive, violent, and criminal history of Defendant TIMOTHY BUTLER. Said Order

to Show Cause alleged Defendant TIMOTHY BUTLER'S abusive, harassing,

intimidating, and escalating behavior towards Plaintiff, including allegations of

Defendant TIMOTHY BUTLER:

  i.   On or about June 15, 2022, disposing of the living room couch where
       Plaintiff slept to avoid Defendant TIMOTHY BUTLER, impelling
       Plaintiff to sleep on an old couch in their unfinished basement;

  ii.  On or about August 24, 2022, surreptitiously recording Plaintiff dressing
       and undressing without her knowledge or permission;

  iii. On or about September 21, 2022, placed a gelatinous substance on a
       doorknob in their home, which Plaintiff touched, and Defendant
       TIMOTHY BUTLER allegedly watched on camera. Defendant
       TIMOTHY BUTLER came up behind Plaintiff and whispered in her ear,
       "how did it feel to touch my cum again?" Implying the substance on the
       doorknob was semen. Such incident was allegedly recorded on Defendant
       TIMOTHY BUTLER'S Ring camera;

    iv.   On or about September 26, 2022, stealing and removing almost all of Plaintiff's clothing from their home;

    v.   On or about September 28, 2022, Defendant TIMOTHY BUTLER informed Plaintiff that he had surreptitiously captured pictures from under the table up Plaintiff's pajama shorts, and threatened to email photos of her vagina to her divorce attorney;

    vi.   Locking Plaintiff in the unfinished basement;

    vii.   Placing cameras in the basement without Plaintiff's knowledge or consent, and surreptitiously recording Plaintiff while she slept;

    viii.   On or about October 21, 2022, Defendant TIMOTHY BUTLER, while inebriated, exposed his penis and moved towards Plaintiff in response to her requesting he stop yelling while their daughter is sleeping;

    ix.   On or about October 31, 2022, texting photos of dog feces to Plaintiff;

    x.   On or about October 31, 2022, pouring the kitchen garbage containing dog feces on the basement couch where Plaintiff slept;

    xi.   Sending lewd, unwanted, and sexually charged text messages;

    xii.   Making lewd, threatening, and tormenting statements towards Plaintiff in the presence of their young daughters.

43.   Based upon the allegations contained in the November 4, 2022, Order to Show Cause, the Suffolk County Supreme Court denied Plaintiff's request for a "refrain from" Order of Protection.

44.   On or about November 12, 2022, Plaintiff called SUFFOLK COUNTY POLICE DEPARTMENT emergency services, between approximately 9:00 p.m. and 10:00p.m. because Defendant TIMOTHY BUTLER was physically preventing Plaintiff from being able to leave the unfinished basement by aggressively blocking the only exit with his body and refusing to allow Plaintiff to leave, while verbally attacking and threatening Plaintiff; she was concerned for her safety.

45.   Contemporaneously, upon information and belief, Defendant TIMOTHY BUTLER called the police as well, alleging that Plaintiff possessed a gun and threatened to kill him. Defendants SUFFOLK COUNTY POLICE DEPARTMENT and Police Officers and/or Detectives JOHN & JANE DOES 1-10, arrived at the scene. At the time, Defendant TIMOTHY BUTLER was visibly intoxicated, profusely sweating, grinding his teeth, slurring his speech, mumbling, stumbling and being aggressive.

46.   Defendant TIMOTHY BUTLER'S brother, Defendant BRIAN BUTLER arrived at the scene as well and stayed for the duration the SUFFOLK COUNTY POLICE DEPARTMENT and Police Officers and/or Detectives JOHN & JANE DOES 1-10 were there. SUFFOLK COUNTY POLICE DEPARTMENT and Police Officers and/or Detectives JOHN & JANE DOES 1-10, permitted Defendant BRIAN BUTLER to be and remain at the scene. SUFFOLK COUNTY POLICE DEPARTMENT and Police Officers and/or Detectives JOHN & JANE DOES 1-10, permitted Defendant BRIAN BUTLER to influence, interrupt, and interfere during their response to the November 12, 2022, calls placed around 9:00 p.m.

47.   While SUFFOLK COUNTY POLICE DEPARTMENT was at the scene, Defendant TIMOTHY BUTLER was offering to show Defendants Police Officers and/or Detectives JOHN & JANE DOES 1-10, videos of Plaintiff having sex with other people and admitted to having several cameras in the home that Plaintiff had no access to and was unaware of their existence and locations.  No arrests were made. Defendant TIMOTHY BUTLER was instructed by Police Officers and/or Detectives JOHN & JANE DOES 1-10, to leave Plaintiff alone.

48. When the SUFFOLK COUNTY POLICE DEPARTMENT and Defendant BRIAN
BUTLER left the residence, Plaintiff went into the unfinished basement and locked
the door. A short while later, Defendant TIMOTHY BUTLER resumed and continued
to harass Plaintiff by violently banging on the locked basement door, while verbally
degrading her. Plaintiff called the SUFFOLK COUNTY POLICE DEPARTMENT
emergency services phone number requesting help and alleging fear for her safety.
One (1) of the SUFFOLK COUNTY POLICE DEPARTMENT, Police Officers
and/or Detectives JOHN & JANE DOES 1-10, who responded to the first call,
responded to the second call as well. That police officer, of an identity unknown to
Plaintiff, appeared to befriend Defendant TIMOTHY BUTLER. Defendant
TIMOTHY BUTLER offered to show the police officer pictures and videos of
Plaintiff's vagina and videos of Plaintiff having sex. Defendant TIMOTHY BUTLER
told the police officer(s) that Plaintiff would give police officer(s) oral and vaginal
have sex with the police officer(s) if they wanted, and lewdly described the
appearance of Plaintiff's vagina. Defendant TIMOTHY BUTLER was degrading and
humiliating Plaintiff, telling the responding police officer(s) that she is a "slut," as
well as additional and other disparaging remarks.

49. Defendant BRIAN BUTLER also responded to the scene. SUFFOLK COUNTY
POLICE DEPARTMENT permitted him to be and remain at the scene on November
12, 2022, at approximately 11:00 p.m.

50. Defendant TIMOTHY BUTLER was visibly more inebriated than he was during the
first emergency call. Plaintiff expressed concerns for her safety and requested charges
be pressed. SUFFOLK COUNTY POLICE DEPARTMENT identified that it was

unsafe for Defendant TIMOTHY BUTLER to remain in the home with Plaintiff or further escalation and violence would ensue.

51. Instead of arresting Defendant TIMOTHY BUTLER, the SUFFOLK COUNTY POLICE DEPARTMENT directed Defendant TIMOTHY BUTLER to leave the home in the custody of Defendant BRIAN BUTLER. The police officer(s) assured Plaintiff that Defendant BRIAN BUTLER would keep Defendant TIMOTHY BUTLER away from her for the rest of the night.

52. Plaintiff expressed her fear of Defendant TIMOTHY BUTLER and that she knew he would not stay away and would be able to get in the house with his key. Police officer(s) disregarded Plaintiff's pleas and assured and promised her Defendant BRIAN BUTLER would have him for the night and that she was safe.

53. The SUFFOLK COUNTY POLICE DEPARTMENT failed to make any arrests.

54. On November 13, 2022, at approximately between 3:00 a.m. and 4:00 a.m. Defendant TIMOTHY BUTLER returned to Plaintiff's home.

55. At approximately 5:30 a.m. while Plaintiff was getting ready for work, Defendant TIMOTHY BUTLER violently removed the locked bathroom door from the hinges, and hedonistically attacked Plaintiff, raping, sodomizing, choking, strangling, punching, and emotionally torturing her. The assault lasted for what felt like hours to the Plaintiff, who lost consciousness as a result of the attack and deprivation of oxygen. Defendant TIMOTHY BUTLER removed Plaintiff's cell phone from her reach and hid it in the house, to purposefully deprive Plaintiff from being able to call the police for emergency help.

56.   Defendant TIMOTHY BUTLER fled the scene, leaving Plaintiff unconscious, raped, beaten, naked, bloody, and bruised.

57.   When Plaintiff regained consciousness, she searched for clothing to cover herself, and for her cell phone to call for help.

58.   Plaintiff eventually found her cell phone and frantically and hysterically called the SUFFOLK COUNTY POLICE DEPARTMENT. The SUFFOLK COUNTY POLICE DEPARTMENT responded to the scene at approximately 9:40 a.m., where Plaintiff was transported by ambulance to Stony Brook University Hospital.

59.   Defendant BRIAN BUTLER appeared at the home where the incident occurred. Upon information and belief, he demanded entry into the home, however, the responding detectives refused to allow him inside. Upon further information and belief, Defendant BRIAN BUTLER waited for Plaintiff to leave in an ambulance before going back to her home and entering the house. At the time, Plaintiff was unaware of Defendant BRIAN BUTLER entering the house, who upon information and belief, let himself inside.

60.   On November 13, 2022, Defendant TIMOTHY BUTLER fled the scene and shortly thereafter was found by Southampton Town Police in Southampton, New York, continuing and allegedly committing additional crimes. Upon information and belief, when Defendant TIMOTHY BUTLER was approached by Southampton Town Police Department, he pretended to have a gun. Upon further information and belief, in order to subdue and control the aggressive, dangerous, and erratic behavior of Defendant TIMOTHY BUTLER, he had to be tased by Southampton Police Department. Upon further information and belief, Defendant TIMOTHY BUTLER was charged with

"Driving while Intoxicated" and "Resisting Arrest" for his actions in Southampton, New York on November 13, 2022.

61.     Upon information and belief, as a result of the allegations against Defendant TIMOTHY BUTLER for crimes committed on July 9, 2022, November 12, 2022, and November 13, 2022, he was charged in County Court, County of Suffolk, State of New York, in the matter of *People v. Timothy Butler* under Suffolk County Indictment No.: IND-73556-22/001 with 14 counts of violations of New York State Penal Law:

       i.  § 130.35: Rape- 1st Degree- Forcible Compulsion (2 counts);

      ii.  § 120.00: Assault- 3rd Degree- with Intent to Cause Physical Injury;

    iii.  § 135.05: Unlawful Imprisonment- 2nd Degree;

     iv.  § 130.50: Criminal Sex Act- 1st Degree- by Force (3 counts);

      v.  § 121.12: Strangulation- 2nd Degree;

     vi.  § 130.65: Sexual Abuse- 1st Degree- by Forcible Compulsion (2 counts);

    vii.  § 155.30: Grand Larceny- 4th Degree;

   viii.  § 260.10: Endangering the Welfare of a Child under 17;

     ix.  § 240.25: Harassment- 1st Degree.

62.     Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, in their official and independent capacities, failed to properly respond to the known complaints and concerns raised by Plaintiff against Defendant TIMOTHY BUTLER.

63.  On several occasions the COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, failed to investigate, arrest, prosecute, and properly charge Defendant TIMOTHY BUTLER for his ongoing criminal actions against Plaintiff.

64.  At all relevant times, COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, knew and/or knew of Defendant TIMOTHY BUTLER.

65.  At all relevant times, COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, knew and/or should have known of Defendant TIMOTHY BUTLER, through his numerous involvements with the criminal justice system, including but not limited to domestic incidents related to Plaintiff wherein the COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT were provided notice, request to provide assistance and caused to intervene and assist Plaintiff.

66.  At all relevant times, COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, knew and/or knew of Defendant TIMOTHY BUTLER through prior involvement that he had with other individuals.

67.  As a result of prior domestic dispute incidents involving Defendant TIMOTHY BUTLER, wherein Plaintiff's family was caused to seek assistance and protection from COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, for wellness checks.

68.     As a result of prior domestic dispute incidents involving Defendant TIMOTHY

BUTLER, wherein Plaintiff's family was caused to seek assistance and protection

from COUNTY OF SUFFOLK, as Plaintiff applied for multiple Orders of Protection,

and a Temporary Order of Protection was issued against Defendant TIMOTHY

BUTLER.

69.     Such Temporary Order of Protection required Defendant TIMOTHY BUTLER to

refrain from assault, stalking, harassment, aggravated harassment, menacing, reckless

endangerment, strangulation, criminal obstruction of breathing or circulation,

disorderly conduct, criminal mischief, sexual abuse, sexual misconduct, forcible

touching, intimidation, threats, identity theft, grand larceny, coercion, unlawful

dissemination or publication of intimate image(s) or any criminal offense against

Plaintiff.

70.     At all relevant times, COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE

DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES

1-10, knew and/or should have known with reasonable diligence that a Temporary

Order of Protection were issued against Defendant TIMOTHY BUTLER directing

him to refrain from assault, stalking, harassment, aggravated harassment, menacing,

reckless endangerment, strangulation, criminal obstruction of breathing or circulation,

disorderly conduct, criminal mischief, sexual abuse, sexual misconduct, forcible

touching, intimidation, threats, identity theft, grand larceny, coercion, unlawful

dissemination or publication of intimate image(s) or any criminal offense against

Plaintiff.

71.    Pursuant to an active Temporary Order of Protection, effective on July 7, 2022, against Defendant TIMOTHY BUTLER, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, were fully aware that Defendant TIMOTHY BUTLER was to refrain from assault, stalking, harassment, aggravated harassment, menacing, reckless endangerment, strangulation, criminal obstruction of breathing or circulation, disorderly conduct, criminal mischief, sexual abuse, sexual misconduct, forcible touching, intimidation, threats, identity theft, grand larceny, coercion, unlawful dissemination or publication of intimate image(s) or any criminal offense against Plaintiff.

72.    Despite the existence of the aforementioned Temporary Order of Protection, Defendant TIMOTHY BUTLER, continued to intentionally disregard the law and subject Plaintiff to abuse, threats, threatening behavior, intimidating behavior, harassment, and physical violence before, during, and after the Temporary Orders of Protection were in place.

73.    Plaintiff and her family continually advised Defendant TIMOTHY BUTLER to stop violating the Temporary of Protection and to cease assaulting, harassing, and intimidating Plaintiff.

74.    Instead, Defendant TIMOTHY BUTLER disregarded Plaintiff's and the court's Order to refrain from harassing and criminal behavior towards Plaintiff.

75.    Defendant TIMOTHY BUTLER expressed and made clearly known to everyone including Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES

1-10, his intent to continue to harass, degrade, surreptitiously record, defame, physically intimidate, and torment Plaintiff.

76. Defendant TIMOTHY BUTLER did intentionally and willingly ignore the wishes of Plaintiff and the requests of Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, to stay away from plaintiff and to refrain from harassing, falsely imprisoning, and intimidating Plaintiff.

77. Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, were contacted by Plaintiff on multiple occasions, including back-to-back calls on the night of November 12, 2022, expressing that Defendant TIMOTHY BUTLER was falsely imprisoning, harassing, physically and verbally intimidating her, that he was under the influence of drugs and/or alcohol, and she was afraid of him.

78. On each occasion, including twice on November 12, 2022, Plaintiff requested that Defendant TIMOTHY BUTLER be arrested because she believed that the threats, criminal, harassing, and threatening behavior- to no avail.

79. During each domestic dispute call that the SUFFOLK COUNTY POLICE DEPARTMENT responded on November 12, 2022, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, personally witnessed the intoxicated condition of Defendant TIMOTHY BUTLER and heard the statements that he made at the scene, including him stating that he video recorded Plaintiff while she was naked and/or having sex, offered to show Police Officers and/or Detectives

JOHN & JANE DOES 1-10, made lewd, vulgar, and sexually disturbing statements regarding Plaintiff, offered responding Police Officers and/or Detectives JOHN & JANE DOES 1-10 sexual acts to be performed by Plaintiff. Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, were further made aware of the criminal past of Defendant TIMOTHY BUTLER and the history between him and Plaintiff. As such, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, had affirmative duties to prevent, arrest, and/or prosecute Defendant TIMOTHY BUTLER when they became aware of his criminal conduct.

80.   Pursuant to the New York State Criminal Procedure Laws, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, had an affirmative duty to prevent, arrest, and/or prosecute Defendant TIMOTHY BUTLER when they became aware of and/or directly observed his criminal conduct towards Plaintiff and/or in response to each domestic violence incident.

81.   Pursuant to the rules, regulations, procedures and policies of the COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, had an affirmative duty to prevent, arrest, and/or prosecute Defendant TIMOTHY BUTLER when they became aware of and/or directly observed his criminal conduct towards Plaintiff and/or in response to each domestic violence incident.

82. Pursuant to the New York State Family Court Act, Defendants COUNTY OF
SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police
Officers and/or Detectives JOHN & JANE DOES 1-10, had an affirmative duty to
prevent, arrest, and/or prosecute Defendant TIMOTHY BUTLER when they became
aware of and/or directly observed his criminal conduct towards Plaintiff and/or in
response to each domestic violence incident.

83. Upon information and belief, Defendants COUNTY OF SUFFOLK and SUFFOLK
COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives
JOHN & JANE DOES 1-10, on multiple occasions, did little to nothing in response to
Plaintiff's complaints and concerns. Plaintiff's complaints were ignored, and the
violations of Defendant TIMOTHY BUTLER against Plaintiff continued and
escalated.

84. Despite their personal knowledge that Defendant TIMOTHY BUTLER continued to
physically threaten and intimidate, falsely imprisoned, stalk, harass, menace, torment,
and surreptitiously record Plaintiff, Defendants COUNTY OF SUFFOLK and
SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or
Detectives JOHN & JANE DOES 1-10, did nothing to prevent his repeated criminal
acts.

85. Instead, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE
DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES
1-10, blamed the victim- Plaintiff, as they agreed with Defendant TIMOTHY
BUTLER that Plaintiff is a "slut." Moreover, Police Officers and/or Detectives JOHN
& JANE DOES 1-10, actively mocked Plaintiff, and joked, laughed, enjoyed, and

gloated over Defendant TIMOTHY BUTLER'S scurrilous, derogatory, disparaging, criminal, demeaning, offensive, insulting and indecent stories, including offering the Police Officers and/or Detectives JOHN & JANE DOES 1-10, vaginal and oral sex from Plaintiff, offering to show them videos of Plaintiff naked and allegedly having sex and lewd, vulgar descriptions of the alleged recorded content, and the lewd, vulgar description of Plaintiff's vagina, stating to police officers that Plaintiff has a "fat pussy" but she would still give him (directed to a male police officer) a "blow job."

86.   Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, their enjoyment of his stories, alliance, and friendliness towards him, they effectively encouraged Defendant TIMOTHY BUTLER'S criminal behavior.

87.   Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, refused to arrest Defendant TIMOTHY BUTLER as a result of the Plaintiff's claims that he was physically locking her in their unfinished basement, intoxicated, screaming, harassing, and irate, and that she was in fear on November 12, 2022, at approximately 9:00 p.m.

88.   Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, despite having to return a second time to the home for an additional report of domestic violence a mere approximate two (2) hours after the first call, and approximately one (1) hour after SUFFOLK COUNTY POLICE DEPARTMENT,

including Police Officers and/or Detectives JOHN & JANE DOES 1-10, left the scene from the prior call. Plaintiff's complaints that the criminal and harassing behavior by Defendant TIMOTHY BUTLER was escalating and that she was afraid of him. Plaintiff expressed her desire to press charges. COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, refused to make an arrest.

89.  Instead of Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, arresting Defendant TIMOTHY BUTLER, they permitted him to leave in the custody of former/retired Suffolk County Police Officer, Defendant BRIAN BUTLER.

90.  Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, did not treat Plaintiff's complaints or concerns with any sense of importance or urgency.

91.  Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, refusal to arrest Defendant TIMOTHY BUTLER, and alliance to Defendant BRIAN BUTLER, provided Defendant TIMOTHY BUTLER with encouragement and freedom to continue his criminal and dangerous behavior.

92.  Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, affirmatively represented to Plaintiff, despite her pleas, to her detriment, that

Defendant BRIAN BUTLER would keep Defendant TIMOTHY BUTLER away from her, at least for the night.

93.     Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, failed to properly respond to Plaintiff's domestic violence calls.

94.     Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, who befriended Defendant TIMOTHY BUTLER, disregarded the criminal nature of Plaintiff's complaints.

95.     Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, intentionally disregarded the criminal nature of Plaintiff's complaints, as a result of their relationship and connection to Defendant BRIAN BUTLER.

96.     Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, intentionally ignored Plaintiff's domestic violence complaints and expressed fear of Defendant TIMOTHY BUTLER.

97.     Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, intentionally ignored Plaintiff's domestic violence complaints and expressed fear of Defendant TIMOTHY BUTLER out of an alliance to retired Suffolk County Police Officer, Defendant BRIAN BUTLER.

98. On several occasions throughout the years 2014 to 2022, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, intentionally ignored Plaintiff's repeated complaints against Defendant TIMOTHY BUTLER.

99. Defendant TIMOTHY BUTLER continued to falsely imprison, harass, stalk, terrorize, and surreptitiously record Plaintiff, because he knew that the SUFFOLK COUNTY POLICE DEPARTMENT would protect him, because of their prior treatment towards Plaintiff's complaints and their relationship with Defendant BRIAN BUTLER.

100. By knowingly allowing Defendant TIMOTHY BUTLER to continue to falsely imprison, physically and verbally intimidate, and harass Plaintiff, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, affirmatively assisted in creating and increasing the danger to Plaintiff, and allowing the rape, sodomy, strangulation and assault to occur.

101. By intentionally failing to adhere to their known duties, pursuant to New York State Law, Suffolk County Code, and the policies and procedures of the SUFFOLK COUNTY POLICE DEPARTMENT, to arrest Defendant TIMOTHY BUTLER for falsely imprison, physically and verbally intimidating, and harassing Plaintiff, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, affirmatively assisted in creating and increasing the danger to Plaintiff, and allowing the rape, sodomy, strangulation and assault to occur.

28

102.   Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE
DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES
1-10, explicitly and implicitly represented to Plaintiff that they would protect her, and
that entrusting Defendant TIMOTHY BUTLER into the custody of Defendant
BRIAN BUTLER in lieu of arrest, would keep Defendant TIMOTHY BUTLER away
from Plaintiff and prevent furthering his criminal and dangerous conduct.

103.   Plaintiff, who was extremely fearful and knew and believed she would be physically
attacked and hurt by Defendant TIMOTHY BUTLER, pleaded with SUFFOLK
COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives
JOHN & JANE DOES 1-10, to arrest him and expressed her fear and belief that
sending him away with Defendant BRIAN BUTLER would not be enough, Plaintiff
was reassured, and affirmatively caused to rely on said representations and promises
to her detriment.

104.   By affirmatively creating any expectations in Plaintiff, and by failing to adhere to
their known duties pursuant to New York State Law, Suffolk County code, and the
policies and procedures of the SUFFOLK COUNTY POLICE DEPARTMENT, to
arrest and control Defendant TIMOTHY BUTLER, who openly and admittedly
engaged in criminal conduct that was dangerous to Plaintiff, who was visibly
intoxicated and belligerent, SUFFOLK COUNTY POLICE DEPARTMENT,
including Police Officers and/or Detectives JOHN & JANE DOES 1-10,
affirmatively assisted in created and increasing the danger to Plaintiff and allowing
the rape, sodomy, strangulation and assault to occur.

105.    As a matter of law, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY
        POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN &
        JANE DOES 1-10, were obliged to investigate and take appropriate action against
        Defendant TIMOTHY BUTLER for his open and obvious criminal actions and
        dangerous behavior.

106.    Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE
        DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES
        1-10, were well aware that Plaintiff was in danger and that Defendant TIMOTHY
        BUTLER'S multiple dangerous criminal acts, along with his increasingly intoxicated
        state, Plaintiff's complaints should have been treated seriously.

107.    At all times, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY
        POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN &
        JANE DOES 1-10, were aware that Plaintiff was relying upon them pursuant to their
        promises to her.

108.    By their affirmative actions, promises to Plaintiff, Plaintiff's calls for allegations of
        domestic violence, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY
        POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN &
        JANE DOES 1-10, had an affirmative duty to act on behalf of Plaintiff.

109.    By their affirmative actions, promises to Plaintiff, Plaintiff's calls for allegations of
        domestic violence, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY
        POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN &
        JANE DOES 1-10, knew that their grossly negligent and intentional acts, in
        encouraging and laughing at Defendant TIMOTHY BUTLER'S dangerous and

criminal behavior, and in failing to arrest but having him leave with Defendant BRIAN BUTLER, were likely to and/or would be harmful to Plaintiff.

110.    Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, lured Plaintiff into a false sense of security and induce the Plaintiff to believe that she would be protected.

111.    Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, affirmative actions, assisted and permitted Defendant TIMOTHY BUTLER to continue to harass Plaintiff and effectively encouraged and facilitated the same.

112.    Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, were aware of the pending divorce between Plaintiff and Defendant TIMOTHY BUTLER, Defendant TIMOTHY BUTLER'S prior history of physical violence (against Plaintiff and others), drug abuse, alcohol abuse, and behavior under the influence, propensity for stalking, depriving Plaintiff of her property including her cell phone (her only means of calling the police), a prior Order of Protection, the recently-prior Temporary Order of Protection, recent application for an additional Order of Protection, criminal history, as well as his continued and increasingly aggressive and harassing conduct since divorce papers were served upon him in July 2022.

113.    On multiple occasions on November 12, 2022, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers

and/or Detectives JOHN & JANE DOES 1-10, were aware of the pending divorce between Plaintiff and Defendant TIMOTHY BUTLER, Defendant TIMOTHY BUTLER'S prior history of physical violence (against Plaintiff and others), drug abuse, alcohol abuse, and behavior under the influence, propensity for stalking, depriving Plaintiff of her property including her cell phone (her only means of calling the police), a prior Order of Protection, recently-prior Temporary Orders of Protection, recent application for an additional Order of Protection, criminal history, as well as his continued and increasingly aggressive and harassing conduct since divorce papers were served upon him in July 2022, his currently intoxicated state, and his increasingly intoxicated state throughout the night.

114. Defendant BRIAN BUTLER exploited and capitalized on his personal and professional relationship with Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, in order to assist his brother, Defendant TIMOTHY BUTLER, in evading arrest, and natural lawful consequences to criminal behavior, and to aid and abet in Defendant TIMOTHY BUTLER'S continued abuse and harassment of Plaintiff, and to deprive the Plaintiff of her rights.

115. Upon information and belief, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, were aware that Defendant TIMOTHY BUTLER abused and had ongoing problems with illegal drugs, unprescribed substances, and/or alcohol.

116.   Upon information and belief, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, were aware that Defendant TIMOTHY BUTLER was under the influence of drugs and/or alcohol when responding to Plaintiff's complaints on July 9, 2022, and multiple times on November 12, 2022.

117.   Upon information and belief, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, were aware that Defendant TIMOTHY BUTLER was under the influence of drugs and/or alcohol when responding to Plaintiff's complaints on July 9, 2022, and multiple times on November 12, 2022, and took no action against Defendant TIMOTHY BUTLER.

118.   Upon information and belief, contrary to New York State Law, Suffolk County Code, Family Court Act, and the policies and procedures of the SUFFOLK COUNTY POLICE DEPARTMENT, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, failed to properly record and report the incident Plaintiff complained about at the 5th precinct on or about July 9, 2022, when an active Temporary Order of Protection was in place.

119.   Upon information and belief, contrary to New York State Law, Suffolk County Code, and the policies and procedures of the SUFFOLK COUNTY POLICE DEPARTMENT, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, failed record and report and/or failed to properly record and report

the incident on November 12, 2022, at approximately 9:00 p.m. and the incident on November 12, 2022, at approximately 11:00 p.m.

120. Upon information and belief, contrary to New York State Law, Suffolk County Code, and the policies and procedures of the SUFFOLK COUNTY POLICE DEPARTMENT, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, failed to act in response to Plaintiff's domestic violence calls and/or failed to act in light of their first-hand knowledge of the dangerous and criminal conduct committed by Defendant TIMOTHY BUTLER.

121. Upon information and belief, contrary to New York State Law, New York Criminal and Procedure Law, Suffolk County Code, and the policies and procedures of the SUFFOLK COUNTY POLICE DEPARTMENT, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, ignored their affirmative duties to arrest in light of complaints of domestic violence, and repeat calls by Plaintiff and to the residence.

122. Defendants SUFFOLK COUNTY POLICE DEPARTMENT, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, were on notice that Plaintiff repeatedly made complaints of domestic violence, harassments, false imprisonment, physical violence, physical and verbal intimidating behavior, harassment, stalking, controlling, surreptitiously recording Plaintiff in intimate settings, by Defendant TIMOTHY BUTLER.

123.   Defendants SUFFOLK COUNTY POLICE DEPARTMENT, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, were on notice of Defendant TIMOTHY BUTLER inflicting physical injury on Plaintiff prior to the relevant incident.

124.   Defendants SUFFOLK COUNTY POLICE DEPARTMENT, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, were on notice of Defendant TIMOTHY BUTLER'S criminal history and alcohol and drug abuse.

125.   Defendants SUFFOLK COUNTY POLICE DEPARTMENT, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, were on notice of Defendant TIMOTHY BUTLER'S propensity to commit violence and/or violent acts.

126.   Defendants SUFFOLK COUNTY POLICE DEPARTMENT, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, were on notice that Defendant TIMOTHY BUTLER subjected Plaintiff to dangerous, violent, threatening, harassing, and criminal behavior in the past.

127.   Defendants SUFFOLK COUNTY POLICE DEPARTMENT, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, were on notice that Defendant TIMOTHY BUTLER threatened to inflict physical violence and commit criminal acts against Plaintiff.

128. Defendants SUFFOLK COUNTY POLICE DEPARTMENT, Defendants COUNTY
OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including
Police Officers and/or Detectives JOHN & JANE DOES 1-10, were on notice that
Defendant TIMOTHY BUTLER was an individual that had a propensity for
disobeying the law, engaging in criminal conduct, becoming violent, and repeatedly
abusing drugs and alcohol.

129. Upon information and belief, Defendant BRIAN BUTLER, and/or other family
members of Defendant TIMOTHY BUTLER, had an ongoing personal and/or
professional relationship with Defendants COUNTY OF SUFFOLK and SUFFOLK
COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives
JOHN & JANE DOES 1-10.

130. Upon information and belief, Defendant BRIAN BUTLER, and/or other family
members of Defendant TIMOTHY BUTLER, had an ongoing personal and/or
professional relationship with Defendants COUNTY OF SUFFOLK and SUFFOLK
COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives
JOHN & JANE DOES 1-10, and as a result of said relationship(s), they were lenient
with Defendant TIMOTHY BUTLER and allowed him to violate the law with
immunity.

131. Upon information and belief, Defendant BRIAN BUTLER, and/or other family
members of Defendant TIMOTHY BUTLER, had an ongoing personal and/or
professional relationship with Defendants COUNTY OF SUFFOLK and SUFFOLK
COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives
JOHN & JANE DOES 1-10, and as a result of said relationship(s), they were lenient

with Defendant TIMOTHY BUTLER and refused to arrest him despite them
witnessing Defendant TIMOTHY BUTLER'S criminal acts and hearing his
admissions of violent, abusive, dangerous, and harmful conduct.

132.  Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE
DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES
1-10, were aware that Defendant TIMOTHY BUTLER was related to Defendant
BRIAN BUTLER, because Defendant BRIAN BUTLER was present at the home of
Plaintiff and Defendant TIMOTHY BUTLER, each time the SUFFOLK COUNTY
POLICE DEPARTMENT responded to a call on November 12, 2022, at
approximately 9:00 p.m., November 12, 2022, at approximately 11:00 p.m., and
November 13, 2022, at approximately 9:40 a.m.

133.  On or about November 13, 2022, Plaintiff was brutally raped and assaulted, as a
result of Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE
DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES
1-10, affirmative actions, which effectively allowed Defendant TIMOTHY BUTLER
free reign to enter Plaintiff's home, in a knowingly violent and intoxicated state, and
inflict seriously bodily harm.

134.  The actions and omissions of Defendants COUNTY OF SUFFOLK and SUFFOLK
COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives
JOHN & JANE DOES 1-10, were disregarded and in direct violation of New York
State Law, New York Criminal Procedure Laws, Family Court act, and the policies
and procedures of the SUFFOLK COUNTY POLICE DEPARTMENT.

135. But for Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, failure to properly investigate, treat the Plaintiff's complaints seriously, and arrest Defendant TIMOTHY BUTLER on July 9, 2022, Plaintiff may not have been brutally raped and tortured for hours.

136. But for Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, failure to properly investigate, treat the Plaintiff's complaints seriously, and arrest Defendant TIMOTHY BUTLER on November 9, 2022, 9:00 p.m., complaints, Plaintiff may not have been brutally raped and tortured for hours.

137. But for Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, failure to properly investigate, treat the Plaintiff's complaints seriously, and arrest Defendant TIMOTHY BUTLER on November 12, 2022, at 11:00 p.m., in lieu of permitting him to leave with Defendant BRIAN BUTLER, Plaintiff would not have been brutally raped and tortured for hours.

138. By intentionally refusing to act in the face of known danger to Plaintiff, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, and BRIAN BUTLER facilitated and allowed Defendant TIMOTHY BUTLER to continue to harm, harass, menace, attack, brutalize, beat, torture, suffocate, strangle, cause to lose consciousness, and rape, sodomize, and verbally abuse Plaintiff.

139. By intentionally refusing to act in the face of known danger to Plaintiff, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, and BRIAN BUTLER created and/or exacerbated the dangerous situation that allowed Defendant TIMOTHY BUTLER to continue to harm, harass, menace, attack, brutalize, beat, torture, suffocate, strangle, cause to lose consciousness, and rape, sodomize, and verbally abuse Plaintiff.

140. Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, and BRIAN BUTLER, intentionally, negligently, and callously ignored their duties to assist Plaintiff pursuant to established rules and regulations of the SUFFOLK COUNTY POLICE DEPARTMENT.

141. Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, and BRIAN BUTLER, intentionally, negligently, and callously ignored their duties to assist Plaintiff pursuant to established laws of the State of New York.

142. Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, and BRIAN BUTLER, intentionally, negligently, and callously ignored their duties to assist Plaintiff pursuant to the New York state Criminal Procedure Law and Penal Codes.

143. Plaintiff was caused irreparable harm due to the negligence, gross negligence, recklessness, intentional and unreasonable disregard for the safety of the Plaintiff by

Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE
DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES
1-10, and BRIAN BUTLER.

144. Plaintiff was caused irreparable harm due to affirmative actions of Defendants
COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT,
including Police Officers and/or Detectives JOHN & JANE DOES 1-10, and BRIAN
BUTLER, which allowed and facilitated the criminal and heinous acts of Defendant
TIMOTHY BUTLER.

145. Plaintiff was caused irreparable harm due to affirmative actions of Defendants
COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT,
including Police Officers and/or Detectives JOHN & JANE DOES 1-10, and BRIAN
BUTLER, which allowed and facilitated the criminal and heinous acts of Defendant
TIMOTHY BUTLER.

146. Plaintiff was caused irreparable harm due to Defendants COUNTY OF SUFFOLK
and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers
and/or Detectives JOHN & JANE DOES 1-10, and BRIAN BUTLER intentional
affirmative actions, which caused Plaintiff to rely upon their explicit and implicit
promises to assist her and protect her from Defendant TIMOTHY BUTLER.

147. Upon information and belief, Plaintiff may have been saved but for the actions of the
Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE
DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES
1-10, and Defendant BRIAN BUTLER.

148.    Plaintiff, DANAE L. BUTLER, was denied adequate, proper and timely police

protection, subjected to cruel and inhumane conditions, and was forced to endure pain

and suffering, was forced to suffer summary punishment, was ignored as to real and

immediate complains as to her health and safety, was disregarded and denied rights in

honor of a relationship between Defendant BRIAN BUTLER and Defendants

COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT,

including Police Officers and/or Detectives JOHN & JANE DOES 1-10, and made to

suffer other injuries including rape and sodomy at the hands of Defendants COUNTY

OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including

Police Officers and/or Detectives JOHN & JANE DOES 1-10, their agents,

employees, servants, and assigns.

149.    As a result of the Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY

POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN &

JANE DOES 1-10, their agents, employees, servants, and assigns, failure(s) to act and

breach of affirmative duties, Plaintiff was raped, sodomized, physically assaulted, and

tortured by Defendant TIMOTHY BUTLER.

150.    Upon information and belief, as of the date of this complaint, Defendant TIMOTHY

BUTLER'S criminal case related to the rape and assault of Plaintiff (*People v.*

*Timothy Butler*, under indictment number IND-73556-22/001) is currently pending in

the Suffolk County Court.

## AND AS FOR A FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983
*(As And Against the Individual County Defendants Collectively)*

151.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in
paragraphs 1 through 150 of this Complaint with the same force and effect as though
fully set forth herein.

152.   Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE
DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES
1-10, are each individually and collectively liable for the above-described violations
of Plaintiff's federally secured and state-law mandated rights, immunities, and
privileges.

153.   Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE
DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES
1-10, while acting under color of law, each individually and/or collectively failed and
intentionally refused to adhere to their duties, as law enforcement agents, and to obey
and enforce court mandated Orders of Protection that were issued for the benefit of
Plaintiff.

154.   Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE
DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES
1-10, while acting under color of law each individually and/or collectively failed and
intentionally refused to adhere to their duties as law enforcement agents and to
enforce the laws of the state of New York as they related to the protection of Plaintiff.

155.   Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE
DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES

1-10, while acting under color of law, each individually and/or collectively failed and intentionally refused to adhere to their duties as law enforcement agents and to enforce the mandates of the Family Court Act as they related to the protection of Plaintiff.

156. Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, while acting under color of law, each individually and/or collectively failed and intentionally refused to adhere to their duties as law enforcement agents and to enforce the mandates of the New York State Criminal Procedure and Penal Laws as they related to the protection of Plaintiff.

157. Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, while acting under color of law, each individually and/or collectively failed and intentionally refused to adhere to their duties as police officers, employees, representatives, and agents of the COUNTY OF SUFFOLK and to obey the mandates of their own rules, regulations, procedures, and requirements as enumerated in the rules, policies, and procedures of the COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT.

158. Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, while acting under color of law, each individually and/or collectively failed and intentionally refused to adhere to their duties as law enforcement agents, to enforce

the orders, rulings, holdings, judgments, opinions, and procedures of family court judge as it related to the protection of Plaintiff.

159.   Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, while acting under color of law, each individually and/or collectively activate inspired to disobey standing court orders, quote rulings, judgments, orders of protection, and procedures, to the detriment of the Plaintiff.

160.   Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, while acting under color of law, each individually and/or collectively liable for actively conspiring to deprive Plaintiff of her rights, immunities, and protections under the law.

161.   Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, while acting under color of law, each individually and/or collectively liable for actively conspiring to deprive Plaintiff of her right to procedural due process.

162.   Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, while acting under color of law, each individually and/or collectively liable for actively conspiring to deprive Plaintiff of her right to substantive due process, including but not limited to Plaintiff's right to safety, bodily integrity, wellbeing, access to the courts, right to property and quiet enjoyment of life and property, court-ordered mandates, and uninhibited benefits of the law.

163.   Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE
DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES
1-10, while acting under color of law, each individually and/or collectively liable for
actively conspiring to systematically, and pursuant to pattern and practice, disobey
the law as it pertained to the protection of the Plaintiff from harm.

164.   Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE
DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES
1-10, while acting under color of law, each individually and/or collectively liable for
actively conspiring to cause harm to Plaintiff and allowing Defendant TIMOTHY
BUTLER to blatantly disobey the law, both in and out of the presence of law
enforcement, to the direct and immediate detriment of Plaintiff.

165.   Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE
DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES
1-10, while acting under color of law, each individually and/or collectively liable or
allowing and actively assisting Defendant TIMOTHY BUTLER in blatantly violating
the law, abusing, harassing, causing terror to Plaintiff, stealing and depriving Plaintiff
of her property, surreptitiously recording the Plaintiff intimately, falsely imprisoning,
causing bodily harm to Plaintiff, raping, sodomizing, strangling, choking, suffocating,
causing loss of consciousness, beating, kicking, harming, and verbally abusing and
torturing Plaintiff, some of which Defendant TIMOTHY BUTLER admitted to the
SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or
Detectives JOHN & JANE DOES 1-10, and offered to show them proof thereof.

166. Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, individually and collectively liable for actively conspiring with Defendant TIMOTHY BUTLER to cause harm to Plaintiff.

167. Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, individually and collectively old affirmative duties to Plaintiff to protect her from potentially dangerous, violent, harassing, and unwanted contact with Defendant TIMOTHY BUTLER and or to enforce the orders of protection that existed against Defendant TIMOTHY BUTLER.

168. Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, individually and collectively breached their duties to the direct detriment of Plaintiff.

169. The wrongful acts against Plaintiff by the Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, were committed under color of law, customs, and statutes of the State of New York, along with Defendant BRIAN BUTLER who assisted and/or was assisted by Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, under color of law to deprive Plaintiff of her various constitutional rights.

170. Under color of law, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, their agents, employees, police officers, officials, and servants created, harbored, advanced, supported, and facilitated dangerous, abusive, and physically harmful and potentially life threatening circumstances and situations for Plaintiff, with whom COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, had a special relationship.

171. Such actions of the individual and collective Defendants, COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, were grossly negligent, reckless, intentional, unreasonable, and unauthorize, as a matter of law.

172. As a direct consequence of Defendants wrongful actions, negligent behavior, and violation of State and Federal laws, Plaintiff was subject to great physical, mental, sexual, and emotional harm, prolonged cruel and unusual punishment, and made to suffer great pain and suffering, subjected to great fear, terror, personal humiliation, and degradation, and suffered a senseless and preventable severe sexual and physical injury.

173. Plaintiff continues to suffer pain and mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants, their agents, employees, and servants.

174. That by reason of the foregoing, Plaintiff has been damaged in the sum of FIFTEEN MILLION DOLLARS ($15,000,000.00).

## AND AS FOR A SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983
### <u>Municipal Liability</u>
*(As And Against County Defendants)*

175.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in

        paragraphs 1 through 174 of this Complaint with the same force and effect as though

        fully set forth herein.

176.    In actively inflicting and failing to prevent the above stated abuses incurred by

        Plaintiff, the Defendants, COUNTY OF SUFFOLK and SUFFOLK COUNTY

        POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN &

        JANE DOES 1-10, acted unreasonably, recklessly, and grossly negligent in failing to

        exercise the slightest amount of due care and to secure protect the civil and

        constitutional rights of Plaintiff. Said rights are guaranteed to the Plaintiff by 42

        *U.S.C.* § 1983, the Fourteenth Amendment of the Constitution and the Constitution of

        the State of New York.

177.    In the case of the Plaintiff herein, Defendants, COUNTY OF SUFFOLK and

        SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or

        Detectives JOHN & JANE DOES 1-10, have committed, tolerated, and encouraged

        an ongoing, systematic, cultural pattern and/or practice of unjustified, unreasonable

        and illegal abuses, and breaches of well-established duties, towards and against

        Plaintiff.

178.    The case of the Plaintiff herein, Defendants, COUNTY OF SUFFOLK and

        SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or

        Detectives JOHN & JANE DOES 1-10, have permitted, tolerated, and encouraged an

ongoing, systematic, cultural pattern and/or practice of unjustified, unreasonable, and illegal abuses, and breaches of well-established duties, towards and against Plaintiff.

179.    In the case of Plaintiff herein, Defendants, COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, have permitted, tolerated, and encouraged an ongoing, systematic, cultural pattern and/or practice of unjustified, unreasonable, and illegal abuses, of disobeying the rulings of the courts, disobeying Orders of Protection, disobeying the rules and procedures of the County of Suffolk, disobeying the rules and procedures of the Suffolk County Police Department, disobeying the Family Court Act, disobeying the New York State Penal Laws and Criminal Procedure Laws.

180.    The case of the Plaintiff herein, Defendants, COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, have permitted, tolerated, and encouraged an ongoing, systematic, cultural pattern and/or practice of assisting a known criminal, Defendant TIMOTHY BUTLER, in abusing, harming, and terrorizing Plaintiff.

181.    The case of the Plaintiff herein, Defendants, COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, have permitted, tolerated, and encouraged an ongoing, systematic, cultural pattern and/or practice of causing and affirmatively allowing ongoing terror and abuse towards Plaintiff, with the Municipal Defendants' complete knowledge of the same.

182.    The case of the Plaintiff herein, Defendants, COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or

Detectives JOHN & JANE DOES 1-10, have permitted, tolerated, and encouraged an ongoing, systematic, cultural pattern and/or practice of assisting the known criminal, Defendant TIMOTHY BUTLER, and causing ongoing terror, abuse, emotional harm, physical harm, and deprivation of property and property rights.

183. The case of the Plaintiff herein, Defendants, COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, have permitted, tolerated, and encouraged an ongoing, systematic, cultural pattern and/or practice of unreasonably, systematically, and continuously violating, disobeying, and/or selectively enforcing court Orders of Protection, and the laws of the State of New York to the detriment of its citizens, including the Plaintiff herein, as alleged in the this Complaint.

184. Defendants, COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, have permitted, tolerated, and encouraged an unreasonable and ongoing, systematic, cultural pattern and/or practice of catering to the desires of known criminals and/or others of ill-will, such as Defendant TIMOTHY BUTLER, to cause terror and abuse towards victims, such as the Plaintiff herein.

185. Defendants, COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, have permitted, tolerated, and encouraged an unreasonable and ongoing, systematic, cultural pattern and/or practice of fraternizing, unethically honoring relationships, exhibiting favoritism, and selective enforcement of the law and

policies, such as the Municipal Defendants' relationship with Defendant BRIAN BUTLER, to the determinant of the Plaintiff herein.

186.    Defendants, COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, have permitted, tolerated, and encouraged an unreasonable and ongoing, systematic, cultural pattern and/or practice of causing and/or affirmatively allowing abuse of power, corruption, loss of integrity, and blind issuance of impunity and "professional courtesies," and making special exceptions by their police officers and officials, in favor individuals and family members of individuals with connections to the Municipal Defendants, to the determinant of the non-connected citizens, such as the Plaintiff herein.

187.    Defendants, COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, have permitted, tolerated, and encouraged an unreasonable and ongoing, systematic, cultural pattern and/or practice of allowing individuals to commit acts of violence and abuse against innocent persons, with whom the Municipal Defendants owe a special duty/relationship, to the detriment of the Plaintiff.

188.    Defendants, COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, have permitted, tolerated, and encouraged an unreasonable and ongoing, systematic, cultural pattern and/or practice of selectively refusing to follow its own established rules, regulations, and procedures, to the detriment of innocent persons, such as the Plaintiff herein.

189.   Upon information and belief, the policymakers, and their subordinates in the chain of command within Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, have knowledge and notice of the above-described systematic violations, and have the power, authority, and direct ability to prevent said violations.

190.   Upon information and belief, the policymakers, and their subordinates in the chain of command within COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, with knowledge of these violations and selective enforcement, intentionally allows the same to continue.

191.   Although such police conduct is improper, said incidents are systematically covered up by the Municipal Defendants, their agents, employees, and servants, by official claims that the officers' actions and/or omissions are justified and proper, or by leveling false and unreasonable allegations against innocent persons, or by enforcing an unwritten policy of issuing impunity to and making special exceptions for individuals with connections to Municipal Defendants, so as to insulate the offending Municipal Defendants, their agents, officers, employees, and other officials, to the detriment of citizens, such as the Plaintiff herein.

192.   Said actions have been fully backed by the COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, which have repeatedly and unreasonably sided with the abuse of persons so affected in nearly all cases, despite vast evidence of wrongdoings by its officers against its citizens, including the Plaintiff herein.

193.   Defendants, COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES

1-10, have repeatedly and continuously engaged in and/or allow its police officers, such as Defendants JOHN & JANE DOES 1-10, to knowingly and willingly disobey court orders/mandates, file false reports, file incomplete reports, fail to file reports, and issue impunity to individuals with connections to the Municipal Defendants, such as Defendant BRIAN BUTLER, to the detriment of innocent individuals, such as the Plaintiff herein, with immunity.

194. Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, above-stated systematic policies and practices, the Municipal Defendants have been subjected to many federal and state complaints and lawsuits alleging that police officers routinely file false reports, failed to report, fail to adhere to their official duties, selectively enforce the rule of law, selectively enforces its own policies, enforces unwritten policies of making special exceptions to individuals with connections to the Municipal Defendants, selectively prescribes to the laws of the state of New York, to the detriment of innocent persons, including the Plaintiff here and, in violation of 42 *U.S.C.* § 1983.

195. Additionally, Defendants, COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, have systematically failed to identify the improper abuse, misuse, violative acts by police officers and officials, while further failing to subject such officers and officials to discipline, training, stricter compliance, closer supervision, or restraint.

196. Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, continually refuse to train, supervise, instruct, discipline, and assure

that the repeated abuses of its police officers and officials, including writing true and accurate reports, perjury, failing to charge individuals, purposefully omitting facts from reports, failing to establishing probable cause, and encouraging fraternization, constitutes deliberate indifference to the rights, safety, and dignities secured by the public at large, including the Plaintiff herein.

197. As a direct and obvious consequence of the Municipal Defendants' systematic practice, pattern, and custom intentionally promoting and supporting officers and officials in violation of 42 *U.S.C.* § 1983, Plaintiff was physically, sexually and emotionally harmed, suffering emotional anguish, special damages, legal fees, costs, expenses, prolonged cruel and unusual punishment, medical costs, permanent and non-permanent physical injuries, anxiety and depression, Post Traumatic Stress Disorder, hypervigilance, and fear.

198. That by reason of the foregoing, Plaintiff has been damaged in the sum of FIFTEEN MILLION DOLLARS ($15,000,000.00).

## AND AS FOR A THIRD CAUSE OF ACTION
### 42 U.S.C. §§ 1983 & 1985
### CONSPIRACY
*(As And Against County Defendants & Defendant BRIAN BUTLER)*

199. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 198 of this Complaint with the same force and effect as though fully set forth herein.

200. Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, each acting under color of law, expressly and implicitly conspired to deprive Plaintiff of her right to protection under the law, right to access to the courts, right to

bodily integrity, right to be free harm and violence, right to be free from harassment and abuse, and right to benefit of a standing Temporary Order of Protection, acting in individually and in concert, jointly caused such deprivation of rights of Plaintiff.

201. Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, acting under color of law, expressly and implicitly conspired to further deprive the Plaintiff of her right to due process, specifically by conspiring and agreeing to disregard an active Temporary Order of Protection.

202. Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, acting under color of law, expressly and implicitly conspired to further deprive the Plaintiff of her right to due process, protection under the law, right to access to the courts, right to bodily integrity, right to be free harm and violence, right to be free from harassment and abuse, specifically by fraternizing and unethically honoring and prioritizing a relationship with alleged Suffolk County Police Officer/Defendant BRIAN BUTLER, over the safety and wellbeing of the Plaintiff.

203. Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, acting under color of law, expressly and implicitly conspired to further deprive the Plaintiff of her right to due process, protection under the law, right to access to the courts, right to bodily integrity, right to be free harm and violence, right to be free from harassment and abuse, specifically by fraternizing, making special exceptions for individuals and family members of individuals with connections to the Municipal

Defendants, and unethically honoring and prioritizing a relationship with alleged

Suffolk County Police Officer/Defendant BRIAN BUTLER, by attempting to shift

non-delegable police duties to protect Plaintiff to an unauthorized party, such as

Defendant BRIAN BUTLER, despite express and implied promises to protect

Plaintiff.

204.   Defendant BRIAN BUTLER, acting individually and in concert with Defendants

COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT,

including Police Officers and/or Detectives JOHN & JANE DOES 1-10, expressly

and implicitly conspired to purposefully deprive the Plaintiff of her right to due

process, protection under the law, right to access to the courts, right to bodily

integrity, right to be free harm and violence, right to be free from harassment and

abuse, by exploiting and capitalizing on his relationship with the Municipal

Defendants, inducing them to make special exceptions to disregard the criminal acts

of Defendant TIMOTHY BUTLER.

205.   Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE

DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES

1-10, acting under color of law, created an express and implied promise protect

Plaintiff, through their actions of fraternizing, making special exceptions for

individuals and family members of individuals with connections to the Municipal

Defendants, and unethically honoring and prioritizing a relationship with alleged

Suffolk County Police Officer/Defendant BRIAN BUTLER, as the Municipal

Defendants removed Defendant TIMOTHY BUTLER from the home, placed him in

the custody of allegedly retired Suffolk County Police Officers/Defendant BRIAN

BUTLER, assured Plaintiff that Defendant TIMOTHY BUTLER would not return for the night, assured Plaintiff that Defendant TIMOTHY BUTLER was in the custody and under the watch of Defendant BRIAN BUTLER, thus offering and assuring Plaintiff freedom and safety from Defendant TIMOTHY BUTLER.

206. But for the Municipal Defendants' relationship with the individual Defendants, the Municipal Defendants would not have shown Defendant TIMOTHY BUTLER such leniency, and impunity, disregarding criminal acts, to the detriment of the Plaintiff herein.

207. But for the Municipal Defendants' relationship with the individual Defendants, the Municipal Defendants would have arrested, apprehended, charged, and prosecuted Defendant TIMOTHY BUTLER for criminal actions committed both in and out of Municipal Defendants' presence, to the detriment of the Plaintiff herein.

208. But for the Municipal Defendants' relationship with the individual Defendants, the Municipal Defendants would not have shifted their non-delegable duties to protect and keep Plaintiff safe to an unofficial and unqualified individual, such as Defendant BRIAN BUTLER, to the detriment of the Plaintiff herein.

209. As a direct and obvious consequence of the Municipal Defendants' systematic practice, pattern, and custom intentionally promoting and supporting officers and officials in violation of 42 *U.S.C.* § 1983, the Fourteenth Amendment of the Constitution and the Constitution of the State of New York. Plaintiff was physically, sexually, and emotionally harmed, suffering emotional anguish, special damages, legal fees, costs, expenses, prolonged cruel and unusual punishment, medical costs,

permanent and non-permanent physical injuries, anxiety and depression, Post Traumatic Stress Disorder, hypervigilance, and fear.

210. As a direct result of the foregoing, and the conspiracy between Municipal Defendants and Defendant BRIAN BUTLER, they individually and collectively, purposefully, intentionally, and deceptively, directly and indirectly, deprived Plaintiff of equal protection under federal law, equal privileges and immunities under the laws of the United States, in direct violation of 42 *U.S.C.* § 1985, whereby Plaintiff was injured in both her person and property, and deprived of having and exercising rights and privileges afforded to citizens under federal law.

211. That by reason of the foregoing, Plaintiff has been damaged in the sum of FIFTEEN MILLION DOLLARS ($15,000,000.00).

### AND AS FOR A FOURTH CAUSE OF ACTION
### CONSPIRACY
*(As And Against County Defendants & Defendant BRIAN BUTLER)*

212. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 211 of this Complaint with the same force and effect as though fully set forth herein.

213. Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, and Defendant BRIAN BUTLER, expressly and implicitly conspired to deprive Plaintiff of her right to protection under the law, right to access to the courts, right to bodily integrity, right to be free harm and violence, right to be free from harassment and abuse, acting in individually and in concert, jointly caused such deprivation of rights of Plaintiff.

214.   Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE
DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES
1-10, and Defendant BRIAN BUTLER, expressly and implicitly conspired to deprive
Plaintiff of her right to protection under the law, right to access to the courts, right to
bodily integrity, right to be free harm and violence, right to be free from harassment
and abuse, acting in individually and in concert, jointly caused such deprivation of
rights of Plaintiff for unlawful purposes.

215.   That at all times or about November 12, 2022, Defendants COUNTY OF SUFFOLK
and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers
and/or Detectives JOHN & JANE DOES 1-10, expressly and implicitly conspired to
further deprive the Plaintiff of her right to due process, protection under the law, right
to access to the courts, right to bodily integrity, right to be free harm and violence,
right to be free from harassment and abuse, specifically by fraternizing, making
special exceptions for individuals and family members of individuals with
connections to the Municipal Defendants, and unethically honoring and prioritizing a
relationship with alleged Suffolk County Police Officer/Defendant BRIAN BUTLER,
by attempting to shift non-delegable police duties to protect Plaintiff to an
unauthorized party, such as Defendant BRIAN BUTLER, despite express and implied
promises to protect Plaintiff, by failing to arrest, charge and prosecute Defendant
TIMOTHY BUTLER in light of clear violations of the law, including his admissions
to Municipal Defendants that he committed criminal acts against Plaintiff. Instead,
upon learning of and being made aware of the same, Municipal Defendants mocked,
jeered, and laughed at Plaintiff.

216.    That at all times or about November 12, 2022, Defendant BRIAN BUTLER, acting

individually and in concert with Defendants COUNTY OF SUFFOLK and

SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or

Detectives JOHN & JANE DOES 1-10, expressly and implicitly conspired to deprive

the Plaintiff of her right to due process, protection under the law, right to access to the

courts, right to bodily integrity, right to be free harm and violence, right to be free

from harassment and abuse, by exploiting and capitalizing on his relationship with the

Municipal Defendants, inducing them to make special exceptions to disregard the

criminal acts of Defendant TIMOTHY BUTLER.

217.    That at all times or about November 12, 2022, Defendant BRIAN BUTLER,

expressly and implicitly conspired to further deprive the Plaintiff of her right to due

process, protection under the law, right to access to the courts, right to bodily

integrity, right to be free harm and violence, right to be free from harassment and

abuse, specifically by fraternizing, requesting special police exceptions on the basis

that he is a retired Suffolk County Police Officer, voluntarily undertaking police and

official duties with no authority purposefully to assist his brother, Defendant

TIMOTHY BUTLER in evading criminal charges and arrest, by deceptively and

recklessly undertaking the express and/or implied responsibility of separating

Defendant TIMOTHY BUTLER from Plaintiff by removing Defendant TIMOTHY

BUTLER from his home for the night of November 12, 2022 to November 13, 2022,

by callously disregarding that express and/or implied responsibility and/or promise

made to the Municipal Defendants to accept the custody of Defendant TIMOTHY

BUTLER to the detriment of the Plaintiff herein.

218. But for the relationship between Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, and Defendant BRIAN BUTLER, the Municipal Defendants would not have shown Defendant TIMOTHY BUTLER such leniency, and impunity, disregarding criminal acts, to the detriment of the Plaintiff herein.

219. But for the relationship between Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, and Defendant BRIAN BUTLER, the Municipal Defendants would have arrested, apprehended, charged, and prosecuted Defendant TIMOTHY BUTLER for criminal actions committed both in and out of Municipal Defendants' presence, to the detriment of the Plaintiff herein.

220. But for the relationship between Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, and Defendant BRIAN BUTLER, the Municipal Defendants would not have shifted their non-delegable duties to protect and keep Plaintiff safe to an unofficial and unqualified individual, such as Defendant BRIAN BUTLER, to the detriment of the Plaintiff herein.

221. As a direct and obvious consequence of the Defendants' actions and inactions, Plaintiff was physically, sexually, and emotionally harmed, suffering emotional anguish, special damages, legal fees, costs, expenses, prolonged cruel and unusual punishment, medical costs, permanent and non-permanent physical injuries, anxiety and depression, Post Traumatic Stress Disorder, hypervigilance, and fear.

222.   That by reason of the foregoing, Plaintiff has been damaged in the sum of FIFTEEN

MILLION DOLLARS ($15,000,000.00).

**AND AS FOR A FIFTH CAUSE OF ACTION**
**NEGLIGENCE/GROSS NEGLIGENCE**
(*As And Against County Defendants*)

223.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs 1 through 222 of this Complaint with the same force and effect as though

fully set forth herein.

224.   Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE

DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES

1-10, had affirmative duties to prevent, arrest, and/or prosecute Defendant

TIMOTHY BUTLER for violation under the Temporary Order of Protection on July

9, 2022, and multiple back-to-back domestic violence calls on November 12, 2022,

pursuant to the rules, regulations, laws, and procedures of the COUNTY OF

SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT.

225.   Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE

DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES

1-10, had affirmative duties to prevent, arrest, and/or prosecute Defendant

TIMOTHY BUTLER, for violation under the Temporary Order of Protection on July

9, 2022, and multiple back-to-back domestic violence calls on November 12, 2022,

pursuant to the New York State Criminal Procedure Law and/or Family Court Act.

226.   Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE

DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES

1-10, had affirmative duties to prevent, arrest, and/or prosecute Defendant

TIMOTHY BUTLER when they each personally observed, learned and/or were notified by Plaintiff of Defendant TIMOTHY BUTLER'S violations of the Temporary Order of Protection, and criminal, violent, and harassing behavior towards Plaintiff.

227. Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, had affirmative duties to prevent, arrest, and/or prosecute Defendant TIMOTHY BUTLER when they each personally observed, learned and/or were notified of Defendant TIMOTHY BUTLER'S criminal, violent, and harassing behavior towards Plaintiff, his admissions of surreptitious recording of Plaintiff intimately, and other crimes he admitted to committing, or committed in and out of the presence of the Municipal Defendants.

228. Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, had an affirmative duty to prevent, arrest, and/or prosecute, Defendant TIMOTHY BUTLER pursuant to a special relationship had with Plaintiff to enforce an effective Temporary Order of Protection that was issued for Plaintiff's benefit.

229. Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, had an affirmative duty to prevent, arrest, and/or prosecute, Defendant TIMOTHY BUTLER pursuant to a special relationship had with Plaintiff created by Municipal Defendants duties to act in light of multiple allegations of domestic violence.

230. Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE
DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES
1-10, had an affirmative duty to prevent, arrest, and/or prosecute, Defendant
TIMOTHY BUTLER pursuant to a special relationship had with Plaintiff created by
Municipal Defendants when they expressly and implicitly took actions to remove
Defendant TIMOTHY BUTLER from the home, thereby affirming it was unsafe for
Defendant TIMOTHY BUTLER to be in Plaintiff's presence, and assured and
promised Plaintiff that she was safe and protected by his removal.

231. Plaintiff reasonably and justifiably relied upon Municipal Defendants' assurances and
promises that she was safe and protected. When Plaintiff expressed to Municipal
Defendants that she was afraid of Defendant TIMOTHY BUTLER, he had keys to the
house and could easily return, she was assured, reassured, and promised that she
would be safe and protected for the night of November 12, 2022 through November
13, 2022.

232. Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE
DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES
1-10, had affirmative duties to prevent, arrest, and/or prosecute for crimes that were
disclosed to them by the assailant himself, Defendant TIMOTHY BUTLER.

233. Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE
DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES
1-10, had affirmative duties to refrain from assisting private individuals, such as
Defendant TIMOTHY BUTLER, from inflicting violence and unlawful harm upon

other innocent private citizens, such as Plaintiff herein, and to refrain from facilitating such acts of violence against citizens.

234. Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, had affirmative duties to refrain from fraternizing, and honoring and prioritizing relationships, such as their relationship to Defendant BRIAN BUTLER, over the safety of private individuals, such as Plaintiff herein, and effectively assisting other private individuals, such as Defendant TIMOTHY BUTLER, in inflicting violence and unlawful harm, facilitating acts of violence and harm of Plaintiff.

235. Collectively, Defendants breached their respective and collective duties of care to Plaintiff as outlined herein.

236. At all times on November 12, 2022, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, were well aware of their affirmative duties to protect Plaintiff and/or to prevent foreseeable physical harm of Plaintiff.

237. At all times on November 12, 2022, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or Detectives JOHN & JANE DOES 1-10, intentionally failed to protect Plaintiff and to arrest Defendant TIMOTHY BUTLER, while he was a visibly intoxicated and agitated, known, active threat to Plaintiff, who made complaints of being falsely imprisoned and harassed by Defendant TIMOTHY BUTLER on multiple occasions in a short time frame.

238.   At all times on November 12, 2022, Defendants COUNTY OF SUFFOLK and
       SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or
       Detectives JOHN & JANE DOES 1-10, had the direct authority and actual ability to
       stop, cease, and prevent criminal acts and the subsequent, foreseeable attack and
       serious physical injuries sustained by Plaintiff.

239.   At all times on November 12, 2022, Defendants COUNTY OF SUFFOLK and
       SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or
       Detectives JOHN & JANE DOES 1-10, were readily able to prevent further criminal
       actions of Defendant TIMOTHY BUTLER.

240.   At all times on November 12, 2022, Defendants COUNTY OF SUFFOLK and
       SUFFOLK COUNTY POLICE DEPARTMENT, including Police Officers and/or
       Detectives JOHN & JANE DOES 1-10, allowed and enabled visibly intoxicated
       Defendant TIMOTHY BUTLER to be free to continue to consume drugs and/or
       alcohol, they had actual knowledge of such occurrence, and instead promised and
       assured Plaintiff she was safe because they placed him in the custody of his brother,
       Defendant BRIAN BUTLER, who allowed Defendant TIMOTHY BUTLER to return
       to the home where Plaintiff was assured safety, shortly after the second incident of
       November 12, 2022, in the middle of the night while intoxicated.

241.   Collectively Defendants each acted unreasonably. Further, where Defendants failed to
       act, such failures were unreasonable.

242.   Collectively Defendants actions and failures to act or unreasonable, extreme,
       outrageous, and exhibited a voluntary and callous disregard for the rights, safety, and
       wellbeing of Plaintiff.

243. It was foreseeable, and almost predictable, that Plaintiff would suffer physical harm, emotional harm, emotional injuries, physical abuse, violations to property, violation of property rights, infringement upon rights and privileges to the protection of the law, serious physical and sexual injuries, and other serious injuries as a result of their ongoing wrongful actions.

244. Nevertheless, Defendants disregarded these foreseeable harms to Plaintiff with a high degree of recklessness, gross negligence, intention, and callousness, to the detriment of the Plaintiff who directly suffered from said injuries as a result.

245. As a direct and obvious consequence of the Defendants' negligence, recklessness, and disregard, Plaintiff was physically, sexually, and emotionally harmed, suffering emotional anguish, special damages, legal fees, costs, expenses, prolonged cruel and unusual punishment, medical costs, permanent and non-permanent physical injuries, anxiety and depression, Post Traumatic Stress Disorder, hypervigilance, and fear.

246. That by reason of the foregoing, Plaintiff has been damaged in the sum of FIFTEEN MILLION DOLLARS ($15,000,000.00).

**AND AS FOR A SIXTH CAUSE OF ACTION**
**VICARIOUS LIABILITY & RESPONDEAT SUPERIOR**
*(As And County Defendants)*

247. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 246 of this Complaint with the same force and effect as though fully set forth herein.

248. Plaintiff incorporates by reference all of the duties outlined in the FIFTH CAUES OF ACTION and repeats that the Municipal Defendants owed such duties to Plaintiff.

249. By actively inflicting and failing to prevent the above stated abuses incurred by Plaintiff the Municipal Defendants all acted unreasonably, recklessly, and with gross negligence, in failing to exercise the slightest amount of due care.

250. In failing to properly hire, train, supervise, and/or reprimand its employees, agents, and assigns, Municipal Defendants acted unreasonably, recklessly, and negligently in failing to exercise due care to protect others, such as Plaintiff, from foreseeable harm, the Municipal Defendants effectively ratified the negligent, intentional, and reckless acts of its police officers and agents.

251. In permitting, tolerating, and encouraging an unreasonable and ongoing, systematic, cultural pattern and/or practice of causing and/or affirmatively allowing abuse of power, corruption, loss of integrity, and blind issuance of impunity and "professional courtesies," and making special exceptions by their police officers and officials, in favor of individuals with connections to the Municipal Defendants, and further, by directing their police officers and officials to abide by an unwritten policy of permitting exceptions for individuals with relationships to the Municipal Defendants, Municipal Defendants acted unreasonably, recklessly, and negligently in failing to exercise due care to protect others, such as Plaintiff, from foreseeable harm, the Municipal Defendants effectively ratified the negligent, intentional, and reckless acts of its police officers and agents.

252. The breach of duty by Municipal Defendants was a direct and proximate cause of the harm suffered by Plaintiff.

253. As a direct and obvious consequence of the Defendants' negligence, recklessness, and disregard, Plaintiff was physically, sexually, and emotionally harmed, suffering

emotional anguish, special damages, legal fees, costs, expenses, prolonged cruel and unusual punishment, medical costs, permanent and non-permanent physical injuries, anxiety and depression, Post Traumatic Stress Disorder, hypervigilance, and fear.

254. For the foregoing reasons, Municipal Defendants were therefore vicariously liable for all of the intentional, negligent, and reckless acts of its agents and employees.

255. ` That by reason of the foregoing, Plaintiff has been damaged in the sum of FIFTEEN MILLION DOLLARS ($15,000,000.00).

### AND AS FOR A SEVENTH CAUSE OF ACTION
### ASSAULT & BATTERY
*(As And Against Defendant TIMOTHY BUTLER)*

256. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 255 of this Complaint with the same force and effect as though fully set forth herein.

257. Defendant TIMOTHY BUTLER falsely imprisoned Plaintiff and threatened Plaintiff with physical abuse and harm and/or otherwise menaced Plaintiff with verbal and physical threats of harmful and/or offensive contact.

258. In addition, Defendant TIMOTHY BUTLER violently subjected Plaintiff to rape, sodomy, forcible touching, strangulation, choking, deprivation of oxygen, harassing text messages and phone calls, false imprisonment, physical intimidation, physical abuse, verbal abuse, stealing and depriving Plaintiff of her property, as a means to prevent Plaintiff from having contact with law enforcement or otherwise call for help when he abused her and violated the law, and continuously harassed and created a hostile, unsafe environment for Plaintiff.

259.   Defendant TIMOTHY BUTLER made clear and effectuated his true intent to place Plaintiff in apprehension of imminent harmful or offensive contact and did in fact place Plaintiff in such apprehension of imminent harmful or offensive contact.

260.   Defendant TIMOTHY BUTLER made clear and effectuated his true intent to place Plaintiff in apprehension of imminent harmful or offensive contact, which he carried out when Defendant TIMOTHY BUTLER raped, sodomized, strangled, choked, deprived of oxygen, beat, punched, attacked, restrained, imprisoned, physically and mentally abused Plaintiff without justifiable excuse or cause, while fully knowing Plaintiff neither gave consent or permission and being incentivized and relishing in her lack of consent.

261.   Defendant TIMOTHY BUTLER wrongfully used physical force upon Plaintiff without permission or authority at any time. Said actions were intentional and aimed at placing Plaintiff in great fear of injury, discomfort, humiliation, and severe pain.

262.   As a result of the foregoing, Plaintiff was physically, sexually, and emotionally harmed, suffering emotional anguish, special damages, legal fees, costs, expenses, prolonged cruel and unusual punishment, medical costs, permanent and non-permanent physical injuries, anxiety and depression, Post Traumatic Stress Disorder, hypervigilance, and fear.

263.   That by reason of the foregoing, Plaintiff has been damaged in the sum of FIFTEEN MILLION DOLLARS ($15,000,000.00).

**AND AS FOR AN EIGHTH CAUSE OF ACTION**
**FALSE IMPRISONMENT**
*(As And County Defendants & Defendant TIMOTHY BUTLER)*

264.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 263 of this Complaint with the same force and effect as though fully set forth herein.

265.   Defendant TIMOTHY BUTLER without any legal or lawful basis to block and lock Plaintiff in their home and/or unfinished basement, depriving her the ability to make calls, particularly to law enforcement, to attack, rape, sodomize, strangle, choke, deprive of oxygen, punch, restrain, pull, kick, accost, and injure Plaintiff.

266.   Defendant TIMOTHY BUTLER trapped and locked Plaintiff in her home, where she was unable to leave before Defendant TIMOTHY BUTLER raped, sodomized, and strangled for a prolonged period, without justifiable excuse or cause. At all times during Defendant TIMOTHY BUTLER'S physical attacks against Plaintiff, Plaintiff was not free to leave and was aware and fearful that she could not leave or escape.

267.   Defendant TIMOTHY BUTLER wrongfully used physical force to restrain you can find Plaintiff on multiple occasions without permission, authority, or privilege to do so at any time. Said actions were intentional and aimed at injuring and causing Plaintiff great discomfort, fear, humiliation, and pain.

268.   As a result, Defendant TIMOTHY BUTLER was permitted to, facilitated in, and did in fact falsely confine Plaintiff.

269.   As a result of said confinement, Plaintiff suffered torture, prolonged imprisonment, cruel and unusual punishment, loss of liberty and grave physical injury and harm, emotional anguish, special damages, legal fees, costs, expenses, medical costs,

permanent and non-permanent physical injuries, anxiety and depression, Post

Traumatic Stress Disorder, hypervigilance, and fear.

270.     That by reason of the foregoing, Plaintiff has been damaged in the sum of FIFTEEN

MILLION DOLLARS ($15,000,000.00).

**AND AS FOR A NINTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
*(As And All Defendants)*

271.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs 1 through 270 of this Complaint with the same force and effect as though

fully set forth herein.

272.     Plaintiff incorporates by reference all of the allegations of Defendants' grossly

negligent, reckless, and intentional acts listed in the above paragraphs.

273.     Defendants each collectively and individually, acted in extreme and outrageous

conduct for their above-stated roles in the violation of Plaintiff's civil rights,

conspiracy, false imprisonment, assault and battery (including rape, sodomy,

strangulation, choking, punching, kicking, attacking, intimidating, and harassing), all

while disregarding, using false pretenses to give the appearance Plaintiff is safe and

being protected, humiliatingly mocking Plaintiff, willfully failing to and/or

wrongfully preventing the arrest, charging, and prosecution of Defendant TIMOTHY

BUTLER, among other affirmative actions resulting in her rape, sodomy,

strangulation, choking, losing consciousness, torture, and sustaining permanent and

non-permanent physical, sexual, and emotional injuries as a result.

274.     Said emotional harm was exacerbated by the sustained and prolonged intimidation,

assault, cruel and unusual punishment, and intentional failure(s) to intercede and

prevent the physical and sexual assault, with the intention of causing extreme further harm and duress to Plaintiff.

275. Each Defendant knew their conduct would cause severe, extreme, and permanent physical and emotional harm to Plaintiff. Said harm did in fact occur in this case, in that Plaintiff was raped, sodomized, strangled, choked, caused to lose consciousness, tortured, and caused to sustain permanent and non-permanent physical, sexual, and emotional injuries, resulting in extreme and permanent emotional and psychological pain, anxiety, Post Traumatic Stress, and other impingements on her health and wellbeing.

276. That by reason of the foregoing, Plaintiff has been damaged in the sum of FIFTEEN MILLION DOLLARS ($15,000,000.00).

## AND AS FOR A TENTH CAUSE OF ACTION
## PUNITIVE DAMAGES
### (As And All Defendants)

277. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 276 of this Complaint with the same force and effect as though fully set forth herein.

278. Plaintiff incorporates by reference all of the allegations of Defendants' grossly negligent, reckless, and intentional acts listed in the above paragraphs.

279. The acts of each Defendant were willful, wanton, malicious, and oppressive and were motivated solely by a desire to harm the Plaintiff, without regard for Plaintiff's wellbeing, and were based solely on a lack of concern and ill-will towards Plaintiff.

280. In this case, punitive damages are warranted and appropriate.

281.    Such acts, therefore, deserve an award of TWENTY-FIVE MILLION DOLLARS

($25,000,000.00) as punitive damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

      a.  On the First Cause of Action in the sum of Fifteen Million Dollars
($15,000,000.00);

      b.  On the Second Cause of Action in the sum of Fifteen Million Dollars
($15,000,000.00);

      c.  On the Third Cause of Action in the sum of Fifteen Million Dollars
($15,000,000.00);

      d.  On the Fourth Cause of Action in the sum of Fifteen Million Dollars
($15,000,000.00);

      e.  On the Fifth Cause of Action in the sum of Fifteen Million Dollars
($15,000,000.00);

      f.  On the First Cause of Action in the sum of Fifteen Million Dollars
($15,000,000.00);

      g.  On the Sixth Cause of Action in the sum of Fifteen Million Dollars
($15,000,000.00);

      h.  On the Seventh Cause of Action in the sum of Fifteen Million Dollars
($15,000,000.00);

      i.  On the Eighth Cause of Action in the sum of Fifteen Million Dollars
($15,000,000.00);

      j.  On the Ninth Cause of Action in the sum of Fifteen Million Dollars
($15,000,000.00);

      k.  On the Tenth Cause of Action in the sum of Fifteen Million Dollars
($15,000,000.00);

      l.  Punitive damages in the amount of Twenty-Five Million Dollars
($25,000,000.00);

      m.  Declaratory Judgment that the Defendants willfully violated Plaintiff's rights
secured by federal and state law as alleged herein;

n.  Injunctive relief, requiring Defendants to collect all past violations of federal and state law as alleged here in; to enjoin Defendants from continuing to violate federal and state law as alleged herein; And to order such other injunctive relief as may be appropriate to prevent any future violation of said federal and state law;

o.  An order granting such other and legal and equitable relief as the Court deems just and proper; and

p.  Award costs and disbursements of this action, including attorney's fees to the Plaintiff pursuant to 42 U.S.C. § 1988 and any and all applicable attorney's fees and costs imposed and allowable by state-law.

<u>**A JURY TRIAL IS HEREBY DEMANDED**</u>.

Dated:    Commack, New York
          February 9, 2024

                              Yours, etc.

                              Jennifer G. Tocci, Esq.
                              **Law Offices of Jennifer G. Tocci, P.C.**
                              *Attorneys for Plaintiff(s)*
                              *Office & Post Office Address:*
                              353 Veterans Memorial Highway, Suite 200
                              Commack, New York 11725
                              T: (631) 343-7676
                              F: (631) 543-3682
                              Email: jentocci@toccilaw.com
                              Our File # 2200083

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Docket No.:

DANAE L. BUTLER,

*Plaintiff*,

-against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, Police Officers
and/or Detectives JOHN & JANE DOES 1-10, in their individual and collective capacities,
TIMOTHY BUTLER, & BRIAN BUTLER,

*Defendants*.

LAW OFFICES OF
**JENNIFER G. TOCCI, P.C.**
OFFICE AND POST OFFICE ADDRESS, TELEPHONE
353 VETERANS MEMORIAL HIGHWAY, SUITE 200
COMMACK, NEW YORK 11725
T: (631) 343-7676 / F: (631) 543-3682
EMAIL: JENTOCCI@TOCCILAW.COM
*ATTORNEYS FOR PLAINTIFF*

**COMPLAINT**

Dated: Commack, New York
February 9, 2024

Jennifer G. Tocci